57 F.3d 1069
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 William J. DAY, Plaintiff-Appellant,
v.
CLEVELAND STATE UNIVERSITY, BOARD OF TRUSTEES, et al.,
Defendants-Appellees.
 No. 94-3403.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1995.
 
 Before SUHRHEINRICH and DAUGHTREY, Circuit Judges, and ZATKOFF, District Judge.*
 PER CURIAM.
 
 
 1
 The plaintiff, William J. Day, appeals from the order of the district court granting summary judgment to the defendants in this employment discrimination action. Day, a white, male Roman Catholic, charged the university with "reverse racial discrimination," ethnic/religious discrimination, and violation of his right to free speech.
 
 
 2
 The district court held, based on undisputed evidence in the record, that the defendants had established a legitimate, nondiscriminatory reason for the denial of promotion and tenure to Day in 1988, that being his deficient scholarship. The record shows specifically that as early as 1985 and 1986, Day had been notified by a personnel committee reviewing his academic progress that although his teaching and service activities were satisfactory, he had engaged in only "limited research activity," that he had no publications during the five years he had been an assistant professor at the university, and that it was "highly unlikely" that he would be promoted. Day's belated publication of several articles just prior to his 1987 application for promotion was considered unsatisfactory by a university tenure-review committee. The district court found, further, that Day had failed to establish that the defendants' reason for taking the employment action in question was pretextual, despite his conclusory allegations that an "unconstitutional voluntary affirmative action program instituted by defendants was the [real] reason for the denial of tenure" and that "his scholarship was as good if not better than that of comparable professors, and thus, his race and/or religious orientation was the [real] reason for the denial of tenure."
 
 
 3
 Having had the benefit of oral argument, and having carefully considered the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in granting summary judgment. We also have the benefit of this court's opinion in a companion case, Austin L. Evans v. Cleveland State University, No. 90-3759 (6th Cir.1991) (per curiam; unpublished), in which we explored at length the university's promotion policy and practice at the time of Day's tenure review, and reached the same conclusion in response to a similar "reverse racial discrimination" claim by another disappointed assistant professor.
 
 
 4
 Because the reasons underlying the district court's decision in this case have been set out in detail in the district court's order, the issuance of a full written opinion by this court would be duplicative and would serve no jurisprudential purpose. Accordingly, we AFFIRM the judgment of the district court on the reasoning set out by that court in its order granting summary judgment to the defendants.
 
 
 
 *
 The Hon. Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation